COMMONWEALTH *vs.* MYRON L. WETHERBEE.

Suffolk.    November 24, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Municipal Court — Assistant Clerk — Skimmed Milk.*

An assistant clerk of a municipal court, the approval of whose appointment by the justice thereof appears of record therein, is duly appointed within the Pub. Sts. c. 154, § 7, and may receive complaints and attest copies of the record of that court.

Under the Pub. Sts. c. 57, § 5, as amended by the St. of 1886, c. 318, § 2, relating to the adulteration of "milk," it is equally an offence to have in one's possession skimmed milk containing a foreign substance with intent unlawfully to sell the same.

COMPLAINT under the Pub. Sts. c. 57, § 5, as amended by the St. of 1886, c. 318, § 2, to the Municipal Court of the Charlestown District in the city of Boston, alleging that the defendant, on March 27, 1890, " did have in his possession milk to which a foreign substance had been added, to wit, annatto coloring matter," with intent unlawfully to sell the same.

The record of the municipal court, transmitted to the Superior Court on appeal, showed that the complaint was received by and sworn to before, and attested by, " Joseph J. Little, Asst. Clerk." In that court, before the jury were impanelled, the defendant renewed a motion made by him in the municipal court, to quash the complaint, on the ground that Little was not duly appointed assistant clerk of the municipal court, and had no authority or right to receive or take oath to complaints. At the

hearing on this motion, before *Thompson*, J., the following, which appeared on the records of the municipal court, was in evidence: "April 20, 1889. Then Joseph J. Little was duly appointed assistant clerk of the Municipal Court of the Charlestown District by Daniel Williams, clerk of said court, by virtue of section 7 of chapter 154 of the Public Statutes. Said appointment was duly approved the same day by Henry W. Bragg, Esq., standing justice of said court, and said Joseph J. Little was duly sworn by said justice to the faithful performance of his duties as such assistant clerk." The judge overruled the motion.

At the trial, the evidence was undisputed that the defendant had in his possession, with intent to sell the same, skimmed milk which contained a foreign matter, to wit, annatto. The judge refused to rule, as requested by the defendant, that the addition of annatto coloring matter to skimmed milk did not constitute the offence alleged in the complaint, and ruled, as matter of law, that if coloring matter had been added to the skimmed milk the offence would have been established as charged.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*H. W. B. Cotton*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, C. J. We see nothing in the objections of the defendant, that Joseph J. Little had not been appointed assistant clerk according to law, or that he had not authority to receive the complaint and attest the copies of the record. Pub. Sts. c. 154, §§ 7–10, 43; c. 155, § 6.

In *Commonwealth* v. *Tobias*, 141 Mass. 129, it is said in the opinion, that the construction to be given to the Pub. Sts. c. 57, §§ 5, 6, 7, and 9, is, that these sections prohibit the sale, etc. of milk containing "more than eighty-seven per cent of watery fluid," or "less than thirteen per cent of milk solids," unless it is sold, not as pure milk, but as skimmed milk, and out of a vessel, can, or package marked as required by § 7; that the sale, etc. of milk "to which water or any foreign substance has been added, or milk produced from cows fed on the refuse of distilleries or from sick or diseased cows," is prohibited, whether it is sold as skimmed milk or pure milk, and whether it contains more or less than thirteen per cent of milk solids, etc.

The St. of 1885, c. 352, § 8, prohibited the sale of skimmed milk "containing less than nine and three tenths per cent of milk solids exclusive of fat," thus establishing a standard quality for skimmed milk.   The St. of 1886, c. 318, § 2, amended the Pub. Sts. c. 57, § 5, and established the standard quality of milk.   These amendments have not, however, affected the construction to be given to that clause of the Pub. Sts. c. 57, § 5, as amended, which punishes the sale, etc. of milk "to which water or any foreign substance has been added."   Under this clause it is equally an offence to sell, etc. skimmed milk to which water or any foreign substance has been added, as to sell, etc. milk to which water or any foreign substance has been added; and this too although the other provisions of the statutes relating to skimmed milk have been complied with.   That the article in the possession of the defendant was in fact what is commonly called skimmed milk was not in dispute.

*Exceptions overruled.*